107 F.3d 4
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Matteo GAMBINO, Defendant-Appellant.
 No. 96-1269.
 United States Court of Appeals, Second Circuit.
 Jan. 09, 1997.
 
 APPEARING FOR APPELLANT: Martin G. Goldberg, Franklin Square, N.Y.
 APPEARING FOR APPELLEE: Morris Panner, Asst. U.S. Atty., New York, N.Y.
 Present: NEWMAN, Chief Judge. FEINBERG, McLAUGHLIN, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Matteo Gambino appeals from the District Court's judgment of conviction entered on May 1, 1996, following a jury verdict convicting him of conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846, and of distributing and possessing with intent to distribute heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1) & 841(b)(1)(B). Gambino raises three arguments on this appeal: (i) he was denied the right to conflict-free counsel when the District Court permitted the lawyer representing co-defendant Troia to represent Gambino for the purpose of making a bail application; (ii) the District Court's failure to grant him a continuance effectively deprived him of a fair trial; and (iii) his trial counsel's decision to proceed with trial as originally scheduled constituted ineffective assistance of counsel.
 
 
 4
 1. At an April 1995 conference to discuss bail, attorney Bronson and his associate Marx appeared on behalf of Gambino and moved for his release on bail. The Government immediately alerted the District Judge to the fact that Gambino had been represented by someone else prior to this hearing, and that Bronson and Marx were also representing co-defendant Troia in this case. Having been advised of the potential conflict, the Court turned immediately to Bronson, who advised the Court that "there will be an appropriate waiver when and if representation is continued on behalf of Mr. Gambino."
 
 
 5
 Over the next month, Bronson and Marx continued to represent Gambino in connection with his effort to secure release on bail. The District Court denied bail in mid-May 1995. During a pre-trial conference held on May 22, 1995, for the purpose of hearing oral argument on defense motions, Marx appeared on behalf of Troia and stated that neither she nor Bronson would continue to represent Gambino because Troia refused to waive his right to conflict-free counsel. After admonishing Marx for not informing the Court of this circumstance more promptly, the District Judge went forward with the hearing on the motions filed by the other defendants, but treated Gambino as having joined these motions and afforded Gambino an opportunity to file supplemental motions once he obtained new counsel. New counsel was appointed for Gambino on that same day, approximately four months before the start of trial.
 
 
 6
 Both the Sixth Amendment and Fed.R.Crim.P. 44(c) require a district court to inquire into the possibility of conflict of interest when co-defendants are represented by the same counsel. See United States v. Levy, 25 F.3d 146, 153 n. 6 (2d Cir.1994). To fulfill this so-called "inquiry" obligation, the court must investigate the facts and details of the attorney's interests to determine whether the attorney in fact suffers from any conflict. Id. at 153. The trial court is generally entitled to rely on counsel's representations that no conflict exists, even if those representations later turn out to be incorrect, in fulfilling its inquiry obligation. See id. at 154. In this case, when the Government attorney alerted the District Court to the possibility of conflict, it immediately asked Bronson about this issue. Though Bronson's representation to the Court that the appropriate waivers would be forthcoming "when and if representation is continued" on Gambino's behalf subsequently proved to be erroneous, the District Court properly performed its inquiry obligation and was entitled to rely on counsel's assurance that any potential conflict issue would be considered, if necessary, at a later time.
 
 
 7
 Moreover, even assuming that Gambino was represented by an attorney with a potential conflict of interest for a short period of time several months before the start of trial, Gambino cannot demonstrate that this alleged impropriety resulted in any prejudice. See United States v. Pascarella, 84 F.3d 61, 67 (2d Cir.1996). The record shows that Bronson and Marx represented Gambino only with respect to his bail application, that this representation lasted for little more than a month, and that the District Court immediately appointed new, conflict-free counsel when it became apparent that Bronson and Marx would be unable to represent Gambino. New counsel was appointed for Gambino more than four months before trial. See id. at 67 ("Any conflict of interest that undermined [prior attorney's] ability properly to represent [defendant] disappeared once [prior attorney] no longer represented him."). Additionally, the District Court removed any possibility of prejudice to Gambino resulting from Bronson's month-long representation by treating Gambino as having joined in his co-defendants' pretrial motions and by permitting Gambino's subsequently appointed counsel to file supplemental motions on his behalf even though the Court's motion deadline had otherwise passed.
 
 
 8
 2. On the first day of trial, Gambino, in direct conflict with his new trial counsel's earlier representation to the Court that counsel was prepared for trial, stated to the District Judge that he needed additional time to listen to all 2,000 or so tapes provided by the Government--especially those containing secretly recorded conversations between him and the Government informant--in order to prepare his entrapment defense. The District Court denied Gambino's request and continued with the trial as scheduled, noting that defendant had ample time to listen to the relevant tapes and that he brought any potential problem upon himself by refusing to work with his previous court-appointed attorneys.
 
 
 9
 There was no obligation upon the District Court to grant a continuance in these circumstances. As the Supreme Court stated in a similar context, "In the face of the unequivocal and uncontradicted statement by a responsible officer of the court that he was fully prepared and 'ready' for trial, it was far from an abuse of discretion to deny a continuance" requested by the defendant himself. Morris v. Slappy, 461 U.S. 1, 12 (1983). Furthermore, as Morris held, "broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." Id. at 11-12; see United States v. Hurtado, 47 F.3d 577, 584 (2d Cir.1995). Here, the record shows that the Court acted well within its discretion because there was no justification for delay; the tapes were in Gambino's possession months before trial, Gambino's trial counsel had read the transcripts for all the tapes during the month preceding the trial, and the Government had identified two weeks before trial the thirty or so tapes that it would offer into evidence. Gambino's contention that he needed time to listen to all the tapes in order to prepare his entrapment defense is without merit. There were at most several tapes, beyond the thirty or so that the Government had earlier designated, containing material relevant to the entrapment defense. The great majority of the tapes were irrelevant to the entrapment issue because they concerned either other aspects of the Government investigation, other defendants, or events subsequent to Gambino's sales of heroin to the informant. Gambino and his trial counsel had more than sufficient time to prepare for trial.
 
 
 10
 3. Gambino alternatively argues that trial counsel provided ineffective assistance by representing to the Court that he was prepared for trial on the originally scheduled date. We reject Gambino's claim because he has failed to show that he has suffered any prejudice resulting from the alleged deficiency. Although Gambino asserts that trial counsel should have allowed him time to review all the tapes and then consulted with him concerning their content, Gambino has not identified any passage in these tapes tending to support his entrapment defense. Moreover, the record reveals that trial counsel was fully prepared for trial on September 27, 1995, and provided Gambino with more than adequate representation throughout the proceedings. Gambino was in no way harmed by trial counsel's decision to proceed to trial on the scheduled date.